UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZAM BOZORGMANESH | No. 2:12-cv-2656 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, born June 30, 1961, applied for DIB and SSI benefits on October 30, 2009, alleging disability from August 1, 2005.[1] Administrative Transcript ("AT") 138. Plaintiff alleged

---

[1] Under the Act, payment of SSI benefits is precluded for any months prior to the month the application was filed, regardless of the alleged onset date of disability. The ALJ found, and neither party disputes, that plaintiff's alleged onset date is August 1, 2005. This date is evidenced by two Disability Reports. AT 155, 172. However, plaintiff's application summaries for DIB

1

she was unable to work due to depression, knee arthritis, diabetes, and trouble with focus and memory. AT 171-72. In a decision dated February 14, 2011, the ALJ determined that plaintiff was not disabled.[2] AT 21-29. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2005.
>
> 2. The claimant has engaged in substantial gainful activity since August 1, 2005, the alleged onset date.

---

and SSI state that her disability began on January 1, 2007. AT 138, 140.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

     3.     The claimant has the following severe impairments: obesity; depression; and borderline personality disorder.

     4.     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

     5.     After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to perform simple repetitive tasks.

     6.     The claimant is capable of performing past relevant work as a fast-food worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

     7.     The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2005, through the date of this decision.

     8.     The claimant has at least a high school education and is able to communicate in English.

AT 23-29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding her not disabled: (1) the ALJ erred by "mishandling the date last insured issue" in denying her DIB; (2) the ALJ erred in assessing plaintiff's mental and physical residual functional capacity; and, (3) the ALJ erred in assessing lay witness credibility. ECF No. 25.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

3

ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

I. DIB Denial

Plaintiff argues that the ALJ erred in finding that she was not eligible for DIB. ECF No. 25, 5. A period of disability begins on the day that a disability begins if the individual is fully insured at that time. 42 U.S.C. §§ 416(i)(2)(C), 416(i)(3)(A); 20 C.F.R. § 404.131; see Sprow v. Bowen, 865 F.2d 207, 208 (9th Cir. 1989) (period of disability means that the person is disabled, cannot work, and is insured); see also Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir. 1991) (a claimant must establish disability prior to his DLI to be eligible for DIB). To have disability insured status during any quarter, an individual must be fully insured in that quarter and have at least twenty quarters of coverage in the last forty-quarter period ending with that quarter. 20 C.F.R. § 404.130(b). In order to receive disability benefits, a person must apply for a period of disability. 42 U.S.C. § 416(i)(2)(B); 20 C.F.R. § 404.603. The application must be filed within a specific statutory limitation period — either at any time while the period of disability continues or within 12 months of the end of the period of disability. 20 C.F.R. § 404.320(b)(3). Disability benefits cease when the period of disability ends due to medical improvement (or for other reasons) and the individual is again able to do substantial work. 42 U.S.C. § 423(f); 20 C.F.R. §§

404.321, 404.325, 404.1545(a), 404.1471. "The statutory schema thus requires that a disability be continuously disabling from the time of onset during insured status to the time of application for benefits, if an individual applies for benefits for a current disability after the expiration of insured status." Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1460 (9th Cir. 1995).

The ALJ found that plaintiff's alleged onset date ("AOD") was August 1, 2005, and that her date last insured ("DLI") was September 30, 2005. AT 23. The ALJ also found that plaintiff engaged in substantial gainful activity ("SGA") from April 1, 2010, to the date of the opinion, indicating that she was able to work and not disabled during that time period. Id. The ALJ concluded that plaintiff's SGA "indicates that she is ineligible for [DIB] because she has not been disabled continuously sincere (sic) her September 30, 2005, date last insured." Id. Based on that conclusion, the ALJ stated that the remainder of his decision would solely address plaintiff's October 2009 SSI application. Id. In support of his conclusion, the ALJ cited only to 20 C.F.R. 404.1571, which states that work done during any period may show an applicant's ability to work at the substantial gainful activity level, which will lead to a finding of non-disability. This regulation does not support the ALJ's finding that plaintiff's SGA makes her ineligible for the period of time between her AOD and the beginning of her SGA. After stating that the remainder of his decision addresses plaintiff's SSI application, the ALJ found that plaintiff was not under a disability from August 1, 2005 through the date of his decision. AT 29. The ALJ also discussed how plaintiff's symptoms, mood, and thought processes showed improvement. AT 27-28.

Plaintiff concedes that her SGA commenced on April 1, 2010, but asserts that the ALJ erred by finding that her SGA alone should prevent her from obtaining DIB. ECF No. 25, 5; ECF No. 27, 2. Plaintiff contends that she could have been disabled continuously from her AOD until she commenced her SGA and that the ALJ's decision "should have reached meaningfully back to 2005, even if it ended at [April 1, 2010]." Id.

In her cross-motion for summary judgment, defendant agreed that plaintiff's AOD was August 1, 2005 and that her DLI was September 30, 2005. ECF. No. 26, 8. Defendant then asserted that "[p]laintiff had no more than 17 [quarters of coverage ("QCs") in 2009 and 19 in 2010. Thus, [additional credits earned in 2009 and 2010 after an interruption of more than five

5

1 years] did not change her DLI for purposes of her 2009 DIB application." ECF No. 26, 8. In
2 making her argument, defendant cites to 20 C.F.R. § 404.130(b), which states that an applicant is
3 "insured in a quarter for purposes of establishing a period of disability or becoming entitled to
4 [DIB] if in that quarter [she is] fully insured and [has] at least 20 QCs in the 40-quarter period
5 ending with that quarter." 20 C.F.R. § 404.130(b).

6 It is unclear how defendant's assertions regarding plaintiff's QC's alter this analysis.
Defendant failed to explain how plaintiff's QCs, or lack thereof, establish her ineligibility for DIB
between her AOD and the commencement of her SGA. Defendant also failed to argue how the
ALJ's conclusion that plaintiff was ineligible for DIB during this relevant time period was based
on proper legal standards and substantial evidence in the record. See Tackett, 180 F.3d at 1097.

11 This Court finds that plaintiff's DIB application warrants further consideration. Plaintiff
filed her DIB application on October 20, 2009 setting forth August 1, 2005 as her AOD, which
was two months prior to her DLI, September 30, 2005. Thus, she may have been eligible for DIB
from her AOD until April 1, 2010, when her SGA commenced. That she showed signs of
improvement during this time, as discussed by the ALJ, may explain her ability to commence
SGA. Also, as discussed above, to be eligible for DIB the applicant's disability must be
continuously disabling from the time of onset during insured status to the time of application for
benefits or the application must be filed within 12 months of the end of the period of disability.
Plaintiff's application was filed over six months before her SGA activity commenced.

20 The ALJ erred in finding that plaintiff was ineligible for DIB due to her SGA. The ALJ's
final conclusion, that plaintiff was not under a disability from her AOD through the date of the
opinion, may support a finding that plaintiff is not eligible for DIB, but it is clear that at that time
the ALJ was only addressing plaintiff's SSI application. AT 29. Therefore, this issue must be
remanded for further consideration by the ALJ.

II. Residual Functional Capacity

26 Plaintiff contends the ALJ committed error in assessing plaintiff's mental and physical
residual functional capacity ("RFC"). ECF No. 25, 5. Social Security Ruling 96-8p sets forth the
policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p.

6

Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). An individual's RFC is "based on all the relevant evidence in [the individual's] case record." Id.

In regards to plaintiff's mental impairments, the ALJ found that plaintiff was treated for recurrent major depression with occasional anxiety, negative thinking, low energy, sleep disturbance, suicidal ideations, hallucinations, and psychotic disorder. AT 27-28 (citing AT 239-48, 250-97, 535-55). The ALJ's discussion also included instances when her symptoms, mood, and thought processes showed improvement. Id.

Plaintiff argues that the ALJ failed to properly consider her mental health records as they relate to her mental RFC. ECF No. 25, 5. She asserts that the ALJ's discussion regarding her mental health records cannot "reasonably be considered an evaluation of the treating record of [her] primary impairments for [RFC] purposes." ECF No. 25, 6 (emphasis in original). Plaintiff claims that the treating record "includes evidence of psychosis, PTSD, borderline personality disorder, GAFs in the 'serious' range, and most basically ongoing, significant depressive and coping problems." Id. at 5 (citing AT 239-48, 250-97, 535-55).

In regards to plaintiff's physical impairments, the ALJ reviewed the entire medical record and made numerous findings. AT 23-28. He found that plaintiff has the following nonsevere physical impairments: right shoulder, knees, and fibromyalgia. AT 23. Importantly, the ALJ discusses a reviewing physician's opinion that plaintiff had the ability to perform light exertional work activities with occasional reaching overhead with right upper extremity. AT 24, 28. The ALJ later stated that he credited that opinion except for the right upper extremity limitations. AT 28.

Plaintiff asserts that the ALJ's evaluation contains the same errors as the mental impairments evaluation. ECF No. 25, 6. Plaintiff also claims that there is no evaluation of the treating record and no impairment basis to explain the ALJ's RFC finding of a light work capacity. ECF No. 25, 7.

/////

Defendant argues that the ALJ properly considered plaintiff's mental and physical impairments and that plaintiff's assertions are both rhetorical and conclusory. ECF No. 26, 8. Furthermore, defendant contends that plaintiff failed to meet her burden of presenting credible medical and other evidence to support her claim. Id. Rather than specifically and thoroughly addressing plaintiff's contentions, however, defendant stated that she "is hard-pressed to respond to [plaintiff's] contentions and respectfully requests that this Court deem them waived." Id. at 9.

Based on an independent review of the ALJ's decision and plaintiff's medical record, this Court finds that the ALJ evaluated the entire record, based his decisions on proper legal standards, and supported his decisions with substantial evidence in the record. See Tackett, 180 F.3d at 1097. Contrary to plaintiff's assertion, the ALJ's decision properly considers and sufficiently evaluates all the relevant treating mental health evidence in the record. Plaintiff could point to no treatment records or opinions that the ALJ failed to discuss in making his mental impairment determinations. Also, the ALJ thoroughly evaluated the record of plaintiff's physical impairments, which supports his RFC determination and finding of light work capacity. Specifically, the ALJ's finding is supported by the uncontradicted opinion of a reviewing physician, as previously discussed. Therefore, there was no error dealing with either mental or physical impairments in the ALJ's RFC analysis.

III. Lay Witness Credibility

In a footnote at the last page of her motion, plaintiff "objects . . . to the decision's negative credibility findings." ECF No. 25, 8 n. 2. "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919. "The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony." Smolen v. Chater, 30 F.3d 1273, 1289 (9th Cir. 1996).

Upon finding the evidence provided by plaintiff's daughter to not be fully credible, the ALJ noted that he considered whether that evidence is inconsistent or contradicted by other evidence in the record. AT 26. He also stated that plaintiff's SGA is indicative of higher abilities than reported by witnesses. Id. The ALJ also discussed that the witnesses' opinions may be colored by friendship or kinship and that they may have a pecuniary interest. Id.

Plaintiff argues that an ALJ may not allege that friendship, kinship, or pecuniary interest may not be a basis for discrediting an opinion as it would cause any testimony of any applicant's relative to be given no weight. Id. Defendant merely asserts that plaintiff's rhetorical contentions are incorrect. ECF No. 26, 9. The ALJ did not rely solely on the fact that the lay witnesses' opinions may be colored by friendship, kinship, or a pecuniary interest. Primarily, the ALJ addressed inconsistencies between the opinions and the objective evidence in the record. Therefore, plaintiff's objection is meritless.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 25) is granted for the purpose of readdressing plaintiff's DIB application and consideration of a closed period;

2. The Commissioner's cross-motion for summary judgment (ECF No. 26) is denied; and,

3. This matter is remanded for further proceedings consistent with this order.

Dated: February 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

33/4 bozo.ss.rem